OPINION
{¶ 1} Defendant-appellant, Emerson Frazier, appeals from a judgment of conviction and sentence for burglary entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm in part, reverse in part, and remand the matter for resentencing.
 {¶ 2} On October 13, 2004, appellant was indicted for one count of burglary in violation of R.C. 2911.12. The indictment alleged that appellant trespassed in the home of Amy Frazier, appellant's estranged wife. Appellant initially entered a not guilty plea to the charge. On February 9, 2005, appellant withdrew his not guilty plea and entered a guilty plea to one count of a lesser-degree burglary charge. After questioning appellant about his decision to plead guilty, the trial court accepted appellant's guilty plea and found him guilty of one count of burglary. The trial court delayed sentencing and ordered the preparation of a pre-sentence investigation.
 {¶ 3} On April 7, 2005, appellant appeared before the trial court for sentencing. At the beginning of that hearing, appellant's appointed counsel informed the court that appellant was dissatisfied with his counsel's performance and wanted new counsel. The trial court asked appellant to explain why he wanted new counsel. Appellant stated that he did not think that his counsel was doing a good job and that he should not have pled guilty because he did not know what he was doing. The trial court denied appellant's request, noting the professional behavior of appellant's counsel. Appellant's counsel then requested a continuance of the sentencing hearing. Counsel sought a continuance so that appellant could retain private counsel or, alternatively, so that counsel would have additional time to prepare a written motion to withdraw appellant's guilty plea. The trial court denied appellant's request for a continuance and sentenced appellant to a four-year prison term.
 {¶ 4} Appellant appeals and assigns the following errors:
First Assignment of Error: The hearing at which appellant's guilty plea was entered did not conform with the requirements of Criminal Rule 11 or due process.
Second Assignment of Error: Appellant was denied due process of law and his right to counsel by the trial court's failure to inquire adequately into the causes of his dissatisfaction with appointed counsel.
Third Assignment of Error: The court erroneously overruled appellant's request for a continuance to retain counsel.
Fourth Assignment of Error: The court erroneously overruled appellant's request for a continuance to allow time to prepare a written motion to withdraw the guilty plea.
Fifth Assignment of Error: The court erroneously refused to allow appellant to withdraw his guilty plea.
Sixth Assignment of Error: Imposition of more than the minimum sentence when the defendant had not previously been imprisoned, based on facts not found by a jury nor admitted by the defendant, violated appellant's right to trial by jury as guaranteed by theSixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 5} In his first assignment of error, appellant contends the trial court should not have accepted his guilty plea because it failed to comply with the requirements in Crim.R. 11(C). Specifically, appellant argues that the trial court failed to determine that he understood the nature of the charge against him before accepting his guilty plea. We disagree.
 {¶ 6} Crim.R. 11(C)(2)(a) requires a trial court to determine that the defendant has an understanding of the nature of the charge before the trial court accepts the defendant's guilty plea. In contrast to the requirements contained in Crim.R.11(C)(2)(c) which involve constitutional rights, a trial court need only substantially comply with the non-constitutional requirements contained in Crim.R. 11(C)(2)(a) and (b). State v.Stewart (1977), 51 Ohio St.2d 86, 93; State v. Jordan (Mar. 2, 1999), Franklin App. No. 97APA11-1517. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106,108. Appellant must also show that the trial court's failure to comply had a prejudicial effect. Id. The test is whether the plea would otherwise have been made. Jordan, supra.
 {¶ 7} At his plea hearing, the trial court did not discuss with appellant the elements of the charge of burglary, nor did the trial court specifically ask appellant if he understood the nature of the charge. This court has held, however, that it is not always necessary for a trial court to advise a defendant of the elements of the charge or to ask him if he understands the charge, so long as the totality of the circumstances demonstrate that the defendant understood the charge. State v. Rainey
(1982), 3 Ohio App.3d 441, paragraph one of the syllabus; Statev. Thomas, Franklin App. No. 04AP-866, 2005-Ohio-2389, at ¶ 11;State v. Cantrell (Mar. 26, 2002), Franklin App. No. 01AP-818. Where a defendant pleads guilty to a lesser-included offense of the crime for which he was originally charged, such that the elements of the two crimes are similar, it is not difficult to find circumstances that would demonstrate the appropriate understanding. Rainey, paragraph two of the syllabus;Cantrell.
 {¶ 8} The totality of the circumstances reflected in the record indicate that appellant understood the nature of the charge to which he pled guilty. Appellant pled guilty to a lesser-included offense of the original burglary charge. The entry of guilty plea form that appellant signed identified the charge and stated that he reviewed the facts and law of his case with his counsel. See Jordan, supra. Appellant was present at his plea hearing when the prosecuting attorney recited to the trial court the facts of the case, including a description of the burglary and the damage to appellant's property. Appellant did not voice any objection to those facts. Appellant's attorney did not object to the prosecutor's recitation of facts or express any concern regarding his client's understanding of the nature of the charge. See State v. Eakin, Licking App. No. 01-CA-00087, 2002-Ohio-4713, at ¶ 25. The totality of the circumstances indicates that appellant understood the nature of the charge when the trial court accepted his guilty plea. See, also, State v.Floyd (July 21, 1988), Franklin App. No. 87AP-808 (finding no confusion as to nature of charge where defendant signed guilty plea form, discussed charge with his counsel, and was present for prosecutor's statement of facts). Appellant's first assignment of error is overruled.
 {¶ 9} In his second assignment of error, appellant contends the trial court failed to properly inquire of his dissatisfaction with appointed counsel. Appellant principally relies on State v.Deal (1969), 17 Ohio St.2d 17, in support of this proposition. In Deal, the Supreme Court of Ohio ruled that a trial court must inquire into claims of dissatisfaction with appointed counsel made by an indigent defendant during the course of a trial. Id.
 {¶ 10} In this case, trial counsel brought appellant's dissatisfaction with his performance to the attention of the trial court at the beginning of the sentencing hearing. The trial court asked appellant why he thought his counsel was not doing a good job. Appellant replied that "I don't think he is doing a very good job, like I should not have pled guilty to an F3. I didn't know what I was doing." When asked if he had anything else to say, appellant replied that he did not. Appellant now claims that the trial court should have made a more detailed and specific inquiry into his dissatisfaction with appointed counsel. We disagree.
 {¶ 11} In Deal, the defendant raised his dissatisfaction with appointed counsel during trial. Under those circumstances, a trial court is required to inquire into the defendant's claim. Id. In the present case, appellant did not raise his claim of dissatisfaction with appointed counsel until his sentencing hearing. Therefore, Deal is not applicable to the present case.State v. Morrison, Franklin App. No. 02AP-651, 2003-Ohio-1517, at ¶ 39. See, also, State v. Harris, Montgomery App. No. 19796,2004-Ohio-3570, at ¶ 35 (a claim of dissatisfaction at a sentencing hearing is not remarkable); State v. Lawrence (Sept. 28, 1993), Ross App. No. 93CA-1940.
 {¶ 12} Additionally, the trial court did ask appellant why he was dissatisfied with his counsel. Appellant did not provide any specific concerns he had with his counsel's performance. He only said that he did not think his counsel was doing a good job. The trial court was not required to inquire further when appellant was unable to provide any specific concerns about his counsel's performance. Cf. Morrison (defendant unable to raise specific concerns about counsel's performance). Appellant's second assignment of error is overruled.
 {¶ 13} Appellant contends in his third and fourth assignments of error that the trial court erred by denying his request for a continuance of his sentencing hearing. A trial court has broad discretion when ruling on a motion for continuance. State v.Unger (1981), 67 Ohio St.2d 65, 67. Thus, a trial court's denial of a motion for a continuance will only be reversed on appeal if the trial court abused its discretion. Id. An abuse of discretion connotes more than an error of law or judgment, and implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 14} In Unger, supra, the court identified certain factors that should be considered in determining whether a continuance is appropriate. These factors are:
[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
Id. at 67-68.
 {¶ 15} Applying these factors to the present case, we note that appellant's first stated reason for requesting a continuance was to obtain private counsel. Appellant, however, signed an affidavit of indigency which indicated he was financially unable to retain private counsel. Appellant did not assert that his financial situation had changed since he signed the affidavit. Therefore, the trial court did not abuse its discretion by rejecting this reason as a basis for a continuance.
 {¶ 16} Appellant's second stated reason for requesting a continuance was to allow additional time to file a written motion to withdraw appellant's guilty plea. Appellant's counsel explained that the basis of the motion would be appellant's claim that he made an error in judgment by entering a guilty plea. However, a change of heart, standing alone, does not constitute a legitimate basis to allow a defendant to withdraw a guilty plea.State v. Glass, Franklin App. No. 04AP-967, 2006-Ohio-229, at ¶ 37, citing State v. Brooks, Franklin App. No. 02AP-44, 2002-Ohio-5794, at ¶ 51. Accordingly, the trial court did not abuse its discretion by rejecting this reason as a basis for a continuance.
 {¶ 17} Because the trial court did not abuse its discretion by denying appellant's request for a continuance, appellant's third and fourth assignments of error are overruled.
 {¶ 18} Appellant contends in his fifth assignment of error that the trial court erred by refusing to allow him to withdraw his guilty plea. Although appellant's counsel sought a continuance to allow appellant time to file a written motion to withdraw his guilty plea, appellant's counsel never orally moved to withdraw appellant's plea after the trial court denied the continuance. Therefore, the trial court did not err by proceeding with sentencing based upon appellant's guilty plea. Furthermore, even if we were to construe appellant's counsel's comments as, in essence, a request to withdraw appellant's plea, counsel did not give any reason other than appellant had apparently changed his mind. As previously noted, a change of heart, standing alone, is insufficient to justify withdrawing a guilty plea. Glass,
supra, at ¶ 37. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 19} In his sixth assignment of error, appellant contends that the trial court erred by imposing a non-minimum sentence in violation of jury trial principles afforded by theSixth Amendment to the United States Constitution and in contravention of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348. We agree, and we sustain appellant's sixth assignment of error on the authority of State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856. Accordingly, this matter is remanded to the trial court for resentencing pursuant to Foster. Id. at ¶ 105.
 {¶ 20} In conclusion, appellant's first, second, third, fourth, and fifth assignments of error are overruled, and his sixth assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for resentencing.
Judgment affirmed in part and reversed in part; and causeremanded for resentencing.
Petree and McGrath, JJ., concur.