DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Wood County Court of Common Pleas, we are asked to determine whether the trial court abused its discretion in denying the motion of appellant, Jayson Phillips, to withdraw his guilty plea.
 {¶ 2} On October 19, 2004, appellant was arrested for two alleged felonious assaults, both violations of R.C. 2903.11. Both are felonies of the second degree. Appellant was also arrested for two violations of R.C. 2903.211(A)(1), menacing by *Page 2 
stalking, both felonies of the fourth degree. The charges stemmed from appellant's attempt to run, at a speed of approximately 80 m.p.h., the motor vehicle of his former girlfriend, Christy Gilbert Moenter, off the road. At the time, Christy and her passenger, her current boyfriend/husband, Matthew Moenter, were driving on Interstate 75.
 {¶ 3} Subsequently, the Wood County Grand Jury returned a Bill of Information charging appellant with only one count of menacing by stalking. Appellant initially pled "not guilty" to this charge; however, he later changed his plea to "guilty" to avoid being indicted on two counts of felonious assault. Prior to being sentenced, appellant sent a letter/motion[1] to the trial judge in which he asked the trial court to allow him to withdraw his guilty plea. The trial court granted appellant's request, appointed new counsel[2] for the purpose of that hearing, and set a date for the hearing. At that hearing, the following evidence was adduced.
 {¶ 4} Initially, appellant expressed dissatisfaction with his third appointed attorney, Darrell Crosgrove, and asked the court to appoint a different attorney to represent him. The court declined to grant appellant's request, stating, "Mr. Phillips, you are entitled to representation. You are now on your third very able attorney. This process cannot be allowed to continue. You could either proceed on your own, or on *Page 3 
your own with Mr. Crosgrove assisting you, or proceed with Mr. Crosgrove representing you. What is your choice?" In reply appellant asserted that the charges against him were "conjured up" by the arresting officer, allegedly a friend of Matthew Moenter, and Matthew himself. Appellant claimed that Christy told him that she wrote down the "facts" of the incident as ordered by the police officer and Moenter so she could leave the police station and come to see him. Apparently, appellant was not happy with Attorney Crosgrove's representation because he supposedly did not investigate appellant's claim or bring it to the court's attention.
 {¶ 5} In his own defense, Crosgrove stated that he did speak with appellant about the allegations and that, as a result, had a conversation with Christy Moenter. The attorney stated he had not done any further investigation because he is "ethically bound" not to present alleged facts to the court that are not true. Crosgrove indicated that he also told his client that the hearing on his motion to withdraw his guilty plea involved a determination of whether that plea was made knowingly and voluntarily and did not include "underlying matters."
 {¶ 6} After that point, and despite the fact that appellant never expressly made a choice, the transcript of the plea hearing reveals that appellant chose to proceed on his own, with the help of Crosgrove. After being sworn, appellant testified that the appointed attorney, Scott Hicks, who represented appellant at the time that he entered his guilty plea, threatened to throw appellant out the window if he did not listen to the *Page 4 
attorney. Nonetheless, on cross-examination, appellant admitted that the "threat" made by Hicks occurred some eight to ten months before the change of plea hearing.
 {¶ 7} Appellant also stated that he told Hicks that the charges against him were false, but that Hicks never followed through with any investigation. According to appellant, Hicks eventually told him that he had to decide whether to enter a plea or to go to trial. When asked why he had not informed the court of the fact that Hicks threatened to throw him out the window, appellant claimed that he did not "know what would happen." He further stated that no one ever told him that he was entitled to ask the court to appoint a different attorney to represent him. In addition, appellant maintained that he was "innocent."
 {¶ 8} The state called Scott Hicks, who is the Assistant Chief Public Defender for Wood County, as a witness[3]. Hicks testified that the Bill of Information containing only the charge of menacing by stalking was the result of appellant's agreement to enter a guilty plea to that charge. According to Attorney Hicks, he advised his client that by pleading guilty to a fourth degree felony of menacing by stalking, he would probably be placed on community control. In contrast, Hicks told appellant that if he was charged with either one or two counts of felonious assault, felonies of the first or second degree, a presumption for a prison sentence existed. Hicks further stated that he informed appellant of the fact that it would be "problematic" to present a defense on one or two *Page 5 
counts of felonious assault. Specifically, he told appellant that even if Christy Moenter decided not to testify against him, Matthew Moenter was "the problem."
 {¶ 9} Hicks admitted that he threatened to throw his client "out the window." He explained, however, that he made this statement for two reasons. First, Hicks lost his temper because appellant was upset with his advice and was accusing him of being in a conspiracy with the prosecutor. Second, and more importantly, Hicks wanted to get appellant's attention as to the gravity of his situation. Hicks also testified that at some point during the conversation, he told appellant that he had the right to have another attorney represent him; however, he and appellant eventually "mended fences," and appellant agreed to Hick's continued representation.
 {¶ 10} In his testimony, Hicks also described what occurred when he and appellant discussed the matters included in the documents evidencing appellant's guilty plea. At that time, appellant was hesitant about going forward with the plea. Hicks stated that he "wanted to impress upon him [that] I had answered all the questions he had with regard to the legitimacy of the charges that he was facing and the evidence involved." Hicks therefore told appellant that if he did not want to plead guilty to a charge of menacing by stalking, he was not "going to force him to go forward with the plea. It was [appellant's] choice, but we could no longer sit there" and go over matters that they previously discussed numerous times.
 {¶ 11} Hicks testified that he and appellant then went through the plea documents, discussing the meaning of each paragraph. Hicks again emphasized the fact that *Page 6 
appellant could choose to go to trial, but that Hicks did not believe that it would be in his client's best interest to do so. Thereafter, appellant agreed to go forward with the entry of a guilty plea.
 {¶ 12} On January 5, 2006, the trial court denied appellant's motion to withdraw his guilty plea. After ordering and obtaining a presentence investigation, the common pleas court sentenced appellant to three years of community control with specified conditions. Appellant appeals and sets forth the following assignment of error:
 {¶ 13} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THEPREJUDICE OF APPELLANT BY DENYING HIS MOTION TO WITHDRAW GUILTYPLEA."
 {¶ 14} Crim.R. 32.1 allows an offender to file a motion to withdraw a guilty prior to sentencing. The general rule is that a presentence motion to withdraw a guilty plea is treated with liberality. State v.Xie (1992), 62 Ohio St.3d 521, 526, quoting Barker v. United States
(C.A.10, 1978), 579 F.2d 1219, 1223. Nevertheless, because an offender has no right to withdraw his or her guilty plea, the final decision is "`still within the sound discretion of the trial court.'" Id. As a result, a trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id. at 527. In order for this court to find that the trial court abused its discretion, we must conclude that the court's ruling was unreasonable, arbitrary or unconscionable. Id. *Page 7 
 {¶ 15} It is well-established that in reviewing a trial court's decision regarding a motion to withdraw a plea, we are required to weigh a number of non-exhaustive factors. State v. Eversole, 6th Dist. Nos. E-05-073, E-05-076, E-05-074, E-05-075, 2006-Ohio-3988, ¶ 13 (Citation omitted.). These factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the offender was represented by highly competent counsel; (3) the extent of the Crim.R. 11 hearing; (4) whether there was a full hearing on the motion to withdraw the offender's guilty plea; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8); whether the accused understood the nature of the charges and possible penalties and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. State v.Fish (1995), 104 Ohio App.3d 236, 240.
 {¶ 16} With regard to the first factor, appellant asserts that the prosecution failed to show any prejudice to the state's case if the plea was vacated. Appellant further maintains that the amount of prejudice to the state's case is the major factor in determining whether to allow an offender to withdraw his or her guilty plea. While we agree with appellant that prejudice to the state is an important factor, seeState v. Culbertson (2000), 139 Ohio App.3d 895, 899, we also hold that it is still only one of many factors to be considered by the court. SeeState v. Leasure, 7th Dist. 01-BA-42, 2002-Ohio-5019, ¶ 19. *Page 8 
 {¶ 17} Appellant's own testimony at the hearing on his motion to withdraw his guilty plea reveals that at least one of the victims, Christy Moenter, might be unavailable as a witness at trial. Furthermore, the Wood County Prosecutor would be already engaged in a number of other cases and would have to attempt to assemble both witnesses and evidence pertaining to an offense that was charged in 2004. Finally, the trial court would have to rearrange its schedule in order to try a case that it thought was settled. See State v.Lambros (1988), 44 Ohio App.3d 102, 103 fn. 1. In consideration of these matters, we find that there would be prejudice to the prosecution's case if appellant was allowed to withdraw his guilty plea.
 {¶ 18} Turning to the second factor, appellant fails to point to any specific way in which his trial counsel was "ineffective" and/or incompetent. In his reply brief, appellant does discuss the letter requesting to withdraw his guilty plea and attaches that letter as an exhibit to the reply brief. However, this court cannot "add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." See State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Therefore, because they are not part of the record below, we cannot and shall not consider any of the exhibits attached to the parties' briefs. Strictly from the record on appeal, we know that appellant's appointed attorney at the time he entered his guilty plea was a public defender for 17 years and was the Assistant Chief Public Defender in Wood County. We find, therefore, that appellant was represented by highly competent counsel. *Page 9 
 {¶ 19} We shall now consider the third factor, which addresses the question of whether the offender was given a full Crim. 11 hearing.
 {¶ 20} Under Crim. R. 11(C), a trial court is required to determine whether an offender's plea of guilty is knowing, intelligent, and voluntary. State v. Engle (1996), 74 Ohio St.3d 525, 526. The record of this case discloses that the trial court conducted a full Crim.R. 11 hearing before accepting appellant's guilty plea. At this hearing, appellant made known that he understood the nature of the proceedings, the charge against him, the potential penalties that could be imposed upon him if the trial court accepted his guilty plea, and that the court could, upon the acceptance of his plea, proceed to judgment and sentence him. Appellant also indicated that he understood the constitutional rights that he would be waiving by entering a guilty plea. The court then asked the prosecutor to set forth the factual basis for the charge of menacing by stalking. Attorney Hicks, however, interposed, stating:
 {¶ 21} "Judge, if I may, the prosecutor and I have talked about this case ad nauseum. He's provided me all the information he had available to him, and I'm convinced if he presented the evidence available to him in a trial setting, it would support a conviction for the charge the defendant has entered a plea on today." Appellant made no objection to his attorney's statement. After going through the plea agreement documents signed by appellant, the court accepted his guilty plea and ordered the production of a presentence investigation report. Appellant now argues, however, that *Page 10 
due to the lack of a factual basis for his guilty plea, he could not understand the nature of the charge against him.
 {¶ 22} Crim.R. 11(C)(2)(a) requires a trial court to decide whether a defendant has an understanding of the nature of the charge against him before it accepts his guilty plea. Nonetheless, as opposed to Crim.R. 11(C)(2)(c), which sets forth constitutional requirements, a court is only required to substantially comply with the nonconstitutional requirements in Crim.R. 11(C)(2)(a). State v. Frazier, 10th Dist. No. 05AP-425, 2006-Ohio-1475, ¶ 6 (Citations omitted.). Thus, using a substantial compliance standard, the offender need only to subjectively understand the implications of his plea and the rights he is waiving. Id., citing State v. Nero, (1990), 56 Ohio St.3d 106, 108. Moreover, the offender must establish that the failure to substantially comply prejudiced his case. Id.
 {¶ 23} At appellant's Crim.R. 11 hearing, the trial court neither discussed the elements of menacing by stalking with appellant nor set forth the factual predicate for that charge. Nevertheless, the totality of the circumstances demonstrates that appellant understood the nature of the charge against him. Id. at ¶ 7. Specifically, the trial court asked appellant whether he had any questions concerning each document he signed that related to the entry of his guilty plea. Appellant had no questions. One of the documents is captioned "PLEA OF GUILTY TO BILL OF INFORMATION AND WAIVER OF JURY TRIAL." The document contains a paragraph which reads: "I have advised my lawyer of all the facts and circumstances known to me about the charge(s) against me and I believe that my lawyer is fully informed on such matters. I understand the nature of the *Page 11 
charges against me and the possible defense I may have. * * *." Consequently, we conclude that, under the totality of the circumstances, appellant had a full Crim.R. 11 hearing.
 {¶ 24} With regard to the fourth factor, appellant contends that he was not afforded a complete and impartial hearing on his request to withdraw his guilty plea. Appellant fails to point out any particular basis for his contention; he merely states that the hearing on his motion to withdraw "was inherently biased and likely partial." A reading of the transcript of the Crim.R. 32.1 hearing reveals that the reasons underlying appellant's request to withdraw his guilty plea were: (1) he did not realize that he had a right to new counsel; (2) Hicks threatened to throw appellant out the window; (3) Hicks knew that the charges leveled against appellant were false and the result of a conspiracy between Matthew Moenter and the law enforcement officer who arrested appellant; and (4) in essence, Hicks forced appellant to waive all his rights and enter a guilty plea.
 {¶ 25} As set forth above, Attorney Hicks testified at the hearing on appellant's motion to withdraw and averred that he did tell appellant of his right to request a different attorney. Thus, the issue here is one of credibility. The trier of fact is in best position to weigh the evidence and determine the credibility of the witnesses before him. SeeState v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Because the judge in this cause was the trier of fact and found the testimony of Attorney Hicks more credible than that of appellant on the question of whether appellant was informed of his *Page 12 
right to new counsel, we shall not disturb the trial court's determination. Appellant's first basis is without merit.
 {¶ 26} As to appellant's second reason for requesting the withdrawal of his guilty plea, Hicks admitted that, out of frustration with his client, he threatened to throw appellant out the window. Nonetheless, appellant opted not to request a new attorney for approximately eight months and Hicks testified that they "mended their fences." Appellant offered no evidence to counter his attorney's testimony. Thus, appellant's second reason lacks merit. Furthermore, there is no evidence in the record of this cause showing that Hicks knew the charges against appellant were false; therefore, we find that appellant's third basis is meritless.
 {¶ 27} With regard to appellant's fourth reason, the record discloses that Hicks did not "force" appellant to enter a guilty plea. Instead, Hicks provided appellant with his only options-enter a guilty plea or proceed to trial. Appellant chose to enter a guilty plea. Thus, appellant's fourth reason for seeking the withdrawal of his guilty plea is also without merit. Accordingly, we hold that appellant had a full and fair hearing on his motion to withdraw that plea.
 {¶ 28} The fifth factor requires this court to determine whether the common pleas court gave full and fair consideration to appellant's motion. Appellant again argues that the court below could not have given his motion to withdraw full and fair consideration due to the lack of a factual basis to support his guilty plea. We have already determined that, under a totality of the circumstances, a factual basis existed for a guilty plea. *Page 13 
Moreover, a complete review of the trial court's decision reveals that appellant's motion was given a full and fair consideration.
 {¶ 29} Moving on to the sixth factor, it is undisputed that appellant's "motion," that is, his letter, was made within a reasonable time, less than one month after he entered his guilty plea. In addressing the seventh factor, we find that because appellant's letter/motion is not part of the record of this cause, this court cannot say whether or not letter appellant's motion set forth any specific reasons for the withdrawal.
 {¶ 30} Under the eighth factor, we have already determined that appellant understood the nature of charge of menacing by stalking. During the change of plea hearing, the trial court fully informed appellant of the potential penalties associated with the charge of menacing by stalking. These included up to a maximum of 18 months in prison, a fine of up to $ 5,000, up to three years of post release control if appellant received a prison sentence, and the consequences of violating any post release control sanction. The ninth factor involves a consideration of whether appellant might have been not guilty or had a complete defense to the charged crime. While appellant alleged that he was "innocent" and that the charges against him were "conjured up" by the arresting officer and Matthew Moenter, the trial court, as the trier of fact, obviously did not believe this allegation. As said previously, it was within the purview of the trial court to make this credibility determination. Therefore, this court declines to second guess the trial court's judgment on this issue. *Page 14 
 {¶ 31} After reviewing all of the above factors, we find that the trial court did not abuse it's discretion in denying appellant's motion to withdraw his guilty plea. Appellant's sole assignment of error is found not well-taken.
 {¶ 32} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR.
[1] Only the granting of appellant's request to determine whether he should be allowed to withdraw his guilty plea is in the record of this case. The letter itself is not part of the record on appeal.
[2] Appellant's second appointed counsel, Paul Skaff, was later allowed to withdraw his representation of appellant due to "differences and disagreements" that could not be overcome. Attorney Crosgrove was then appointed to represent appellant.
[3] Appellant waived his right to attorney-client privilege. *Page 1