[Cite as *State v. Burley*, 2024-Ohio-4719.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-24-1019

        Appellee                            Trial Court No.  CR0202301770

v.

Cameron Burley                              **DECISION AND JUDGMENT**

        Appellant                           Decided:  September 27, 2024

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Cameron Burley, appeals from the December 29, 2023 judgment of the Lucas County Court of Common Pleas convicting him of one count of aggravated burglary.  Burley raises a single assignment of error challenging the trial court's acceptance of his guilty plea.  For the reasons that follow, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On April 27, 2023, in case No. CR0202301633, the Lucas County Grand Jury indicted Burley on one count of improperly discharging a firearm into a habitation in violation of R.C. 2923.161(A)(1) and (C), a second-degree felony (count 1); discharging a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3) and (C)(2), a third-degree felony (count 2); and criminal damaging or endangering in violation of R.C. 2929.06(A)(1) and (B), a second-degree misdemeanor (count 3). Counts 1 and 2 each had a firearm specification under R.C. 2941.145(A). The charges arose out of an incident on February 26, 2023.

{¶ 3} On May 22, 2023, in case No. CR0202301770, the Lucas County Grand Jury indicted Burley on one count of aggravated burglary in violation of R.C. 2911.11(A)(1) and (B), a first-degree felony. The indictment arose from an incident that occurred on May 16, 2023.

{¶ 4} On June 20, 2023, in case No. CR0202301906, the Lucas County Grand Jury indicted Burley on one count of improperly handling firearms in motor vehicle in violation of R.C. 2923.16(B) and (I) and 2923.111(A), a fourth-degree felony (count 1); and one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2)and (F)(1) and 2923.111(A), a fourth-degree felony (count 2). The charges in that case arose from an incident on March 4, 2023.

{¶ 5} Burley initially entered a not guilty plea to the charges in all three cases. He subsequently entered into a plea agreement with the state. Under the plea agreement, the

2.

state agreed to enter a nolle prosequi to all three counts in case No. CR0202301633 as well as to count 1 in case No. CR0202301906. In exchange, Burley pleaded guilty to count 2, carrying a concealed weapon, in case No. CR0202301906 and to the single count, aggravated burglary, in case No. CR0202301770.

{¶ 6} On December 28, 2023, Burley appeared for a change of plea hearing. During the hearing, the state represented that Burley planned to withdraw his not-guilty plea and enter a guilty plea to two charges, identifying the charge against Burley in case No. CR0202301770 by name, aggravated burglary; by statute provision, R.C. 2911.11(A)(1) and (B); and by degree of offense, first-degree felony.

{¶ 7} Next, prior to accepting Burley's guilty pleas in case Nos. CR0202301906 and CR0202301770, the trial court conducted a Crim.R. 11 colloquy. Relevant for purposes of this appeal, during the colloquy, the following exchange occurred:

THE COURT: Now, the charges that I am told you are pleading guilty to today are as follows, in case number 2023-1770, it would be a guilty plea to Count 1, which is aggravated burglary. It is a felony of the first degree.

Is that your understanding of what you are pleading guilty to in that case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And then in case number 2023-1906, it is a guilty plea to Count 2, which is carrying concealed weapon, felony of the 4th degree. Is that your understanding of what you are pleading guilty to in that case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand the nature of both of those charges and the potential penalties associated with each one?

3.

THE DEFENDANT: Yes, Your Honor.

In addition, Burley confirmed that he had time to consult with his attorney and review the evidence against him. Burley also confirmed that he had time to go over the two plea forms with his attorney, confirmed his signature was at the bottom of each page of the plea form, and denied having any questions for his attorney or the court.

{¶ 8} The plea agreement stated the name of the offenses, the statutory sections of the offenses, and the level of the offenses. In addition, the plea agreement stated, "The charges have been explained to me by my attorney and the Court. I understand the nature of the charges and the possible defenses I may have."

{¶ 9} At no point during the plea hearing did the state or any other party make a statement of the facts underlying the charges.

{¶ 10} Following the Crim.R. 11 colloquy, the trial court accepted Burley's guilty pleas, found Burley guilty of those two charges, dismissed the remaining charge against Burley in case No. CR0202301906 and all charges against Burley in case No. CR0202301633, and proceeded to sentencing. The court sentenced Burley to a minimum definite prison term of 6 years and a maximum indefinite prison term of 9 years in case No. CR0202301770 to be served concurrently with an 18-month prison term in case No. CR0202301906.

{¶ 11} On January 12, 2024, Burley moved to withdraw his guilty plea. Two weeks later, on January 26, 2024, before the state filed its response to Burley's motion and before the trial court ruled on the motion, Burley filed a notice of appeal in this court.

4.

Accordingly, the trial court issued an order explaining that Burley's notice of appeal divested the trial court of jurisdiction to consider his motion to withdraw his plea, and therefore the motion would be held in abeyance pending a decision from this court.

## II. Assignment of Error

{¶ 12} In case No. CR0202301770,[1] Burley asserts the following assignment of error for review:

> The trial court erred in accepting Appellant's guilty plea in violation of Crim. R. 11 and due process guarantees under the State and federal Constitutions, without a statement of facts in the record from which to determine the basis for a guilty plea.

## III. Law and Analysis

{¶ 13} "A guilty plea must be made knowingly, intelligently, and voluntarily to be valid under the United States and Ohio Constitutions." *State v. Whitman*, 2021-Ohio-4510, ¶ 14 (6th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). To ensure a plea's validity, the trial court must "'engage a defendant in a plea colloquy pursuant to Crim.R. 11.'" *Id*., quoting *State v. Petronzio*, 2021-Ohio-2041, ¶ 5 (8th Dist.).

{¶ 14} Relevantly, under Crim.R. 11(C)(2)(a), the court must determine that "the defendant is making the plea voluntarily with understanding of the nature of the charges and the maximum penalty involved." A trial court is not required to strictly comply with

---

[1] Burley's appeal is limited to his guilty plea in case No. CR0202301770 and does not concern case No. CR0202301906.

5.

Crim.R. 11(C)(2)(a), and instead substantial compliance is sufficient. *State v. Bishop*, 2018-Ohio-5132, ¶ 11. A trial court considers the totality of the circumstances to determine whether the defendant understands the nature of the charges. *State v. Rexroad*, 2023-Ohio-356, ¶ 28 (4th Dist.), citing *State v. Hurst*, 2020-Ohio-2754, ¶ 21 (5th Dist.).

{¶ 15} In support of his assignment of error, Burley contends that to substantially comply with Crim.R. 11(C)(2)(a), the trial court was required to ensure that a statement of facts underlying the charges was given at the plea hearing. Further, Burley concedes that he did not raise this issue in the trial court, but he nevertheless asserts that the absence of a statement of the factual basis for the charges constitutes plain error.

{¶ 16} Contrary to Burley's argument, "[a] trial court is not required pursuant to Crim.R. 11(C) to set forth any factual basis for a guilty plea during a plea hearing." *State v. Burton*, 2023-Ohio-1596, ¶ 13 (6th Dist.), quoting *State v. Rothenbuhler*, 2016-Ohio-2869, ¶ 6 (6th Dist.). Indeed, the state's recitation of a statement of facts underlying the charges is not necessary for a trial court to determine that a defendant understood the nature of the charges. *State v. Phillips*, 2007-Ohio-2671, ¶ 23 (6th Dist) (holding that the trial court complied with Crim.R. 11(C)(2)(a) despite the absence of a statement of the elements of the charge or the factual basis for the charge).

{¶ 17} Instead, the court may determine the defendant understood the nature of the charge based on the totality of the circumstances. *Phillips* at ¶ 23. For example, the defendant's signature on a plea agreement stating that the defendant had discussed the charges with his attorney and the defendant understood the nature of the charges and his

6.

possible defenses is sufficient to establish a court's substantial compliance with Crim.R. 11(C)(2)(a). *Id.* Likewise, if during the Crim.R. 11 colloquy, the defendant agreed that "she understood the charges against her, the effect of a potential guilty plea, that she had time to discuss the case with her attorney, and that she reviewed the discovery packet with her attorney," then the trial court satisfied Crim.R. 11(C)(2)(a). *State v. Turner*, 2023-Ohio-735, ¶ 13-14 (2d Dist.). A trial court may also substantially comply with Crim.R. 11(C)(2)(a) if the name of the charges, the relevant statutory section of the offense, and the degree of the offense are identified at the plea hearing and in the indictment. *See, e.g., State v. Rexroad*, 2023-Ohio-356, ¶ 29 (4th Dist.) (holding that totality of circumstances demonstrated that appellant understood the nature of the charges where charges were identified in indictments and bills of particulars, appellant signed documents detailing potential penalties and name of offenses; and at plea hearing trial court advised appellant of the name of the offenses); *State v. Vialva*, 2017-Ohio-1279, ¶ 8 (8th Dist.) (holding that trial court's statement identifying the offense, the statutory code section, and the degree of the offense was sufficient to substantially comply with Crim.R. 11(C)(2)(a)).

{¶ 18} Here, at his arraignment, Burley acknowledged receiving a copy of the indictment advising him of the name of the charge, the statutory section on which it was based, and the date on which the offense was committed. Burley also was apprised of the name of the burglary victim at the arraignment when Burley was ordered to have no contact with the victim. At the plea hearing, both the state and the trial court expressly

7.

identified the name of the offense and the degree of the offense, and that information was also provided in the written plea agreement Burley signed. Burley confirmed, both verbally during the Crim.R. 11 colloquy and in writing by executing the plea agreement, that he understood that he was pleading guilty to the charge of aggravated burglary and he understood the nature of the charge and its potential penalties. In addition, the statutory code section for the charge was provided at the plea hearing and was contained in the plea agreement. Burley also confirmed, both verbally and in writing, that he had time to discuss the charge with his attorney and review the evidence against him.

{¶ 19} Accordingly, despite the absence of a statement providing the factual basis for the offenses, the totality of the circumstances demonstrate that Burley understood the nature of the offense for which he pled guilty in case No. CR0202301770, and the trial court's acceptance of Burley's guilty plea was not plain error. Burley's single assignment of error is found not well-taken.

### IV. Conclusion

{¶ 20} For the foregoing reasons, the December 28, 2023 judgment of the Lucas County Court of Common Pleas is affirmed. Burley is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.