[Cite as *State v. Williams*, 2021-Ohio-2032.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                       No. 109972

    v.                           :

KEENA WILLIAMS,                         :

    Defendant-Appellant.         :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
                   AND REMANDED
**RELEASED AND JOURNALIZED:** June 17, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-640590-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Carl J. Mazzone, Assistant Prosecuting
Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Kenna Williams ("Williams"), appeals from his convictions and sentence. He raises the following assignments of error for appeal:

    1. The trial court erred in denying Williams's pre-sentence motion to withdraw his guilty plea without a hearing.

2. The trial court erred in imposing consecutive sentences which were not supported by the record.

3. The trial court erred in imposing both a prison term and a no-contact order.

{¶ 2} After careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for the trial court to vacate the no-contact order imposed as part of Williams's sentence.

## I. Procedural and Factual History

{¶ 3} In June 2019, Williams was named in a 13-count indictment, charging him with aggravated burglary in violation of R.C. 2911.11(A)(1), with a notice of prior conviction specification and a repeat violent offender specification (Count 1); assault in violation of R.C. 2903.13(A) (Count 2); criminal damaging or endangering in violation of R.C. 2909.06(A)(1) (Count 3); theft in violation of R.C. 2913.02(A)(1) (Count 4); petty theft in violation of R.C. 2913.02(A)(1) (Count 5); improperly discharging a firearm into a habitation in violation of R.C. 2923.161(A)(1), with one- and three-year firearm specifications, a notice of prior conviction specification, and a repeat violent offender specification (Count 6); aggravated menacing in violation of R.C. 2903.21(A) (Count 7); aggravated menacing in violation of R.C. 2903.21(A) (Count 8); telecommunications harassment in violation of R.C. 2917.21(A)(3) (Count 9); menacing by stalking in violation of R.C. 2903.211(A)(1) (Count 10); telecommunications harassment in violation of R.C. 2917.21(A)(3) (Count 11); menacing by stalking in violation of R.C. 2903.211(A)(1) (Count 12); and telecommunications harassment in violation of R.C. 2917.21(A)(3) (Count 13).

**{¶ 4}** The indictment stemmed from three separate incidents occurring in April and May of 2019. With respect to Counts 1-5, the state alleged that on April 12, 2019, Williams arrived at the home of his ex-girlfriend, J.B., and knocked on her front door. When J.B. opened the door, Williams pushed his way inside and proceeded to strangle J.B. while demanding to know who else was inside the home. Williams subsequently punched J.B., destroyed her telephone, and took her credit card and identification card from her purse. (Tr. 32-33.)

**{¶ 5}** Counts 6-11 alleged that during the early hours of May 6, 2019, J.B. and her grandmother heard gunshots outside her grandmother's home. J.B. also began receiving phone calls from an unknown number. When she answered her phone, she recognized Williams's voice. Williams asked J.B. to provide him with the name of the person she was dating. During a phone call that occurred after the gun shots were heard, Williams stated to J.B. "You hear that? I got something for you if you don't give me his name." (Tr. 33.) Williams also threatened to shoot J.B.'s grandmother and brother.

**{¶ 6}** Counts 12 and 13 alleged that on May 7, 2019, Williams continued his harassing behavior by repeatedly calling J.B.'s phone. He left threatening messages, expressing that he would "burn her up and her seven-year old son and will shoot them." (Tr. 34.)

**{¶ 7}** On the day set for trial, Williams expressed that he intended to accept a proposed plea agreement with the state and withdraw his previously entered pleas of not guilty. Following a Crim.R. 11 advisement, Williams pleaded guilty to burglary

in violation of R.C. 2911.12(A)(1),[1] as amended in Count 1 of the indictment; and attempted improper discharge of a firearm into a habitation in violation of R.C. 2923.02 and 2923.161(A)(1), with a three-year firearm specification, a notice of prior conviction specification, and a repeat violent offender specification, as amended in Count 6 of the indictment. In addition, Williams pleaded guilty to Counts 2-5 and 7-13 of the indictment as charged.

{¶ 8} Prior to sentencing, Williams filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In the motion, Williams argued that he "entered into a plea agreement which [was] the result of being coerced into making by the ill advice from his counsel, which the defendant is asserting to be ineffective." Williams maintained his innocence and claimed that counsel "lied, manipulated, as well as misinformed his client on several occasions as to deny him his right to due process of the law."

{¶ 9} In October 2019, Williams appeared for sentencing with his appointed counsel. Although the trial court denied Williams's oral request for a continuance to "look over his motion for discovery," the trial court proceeded with sentencing without addressing Williams's pro se motion to withdraw. Upon hearing from the victim and Williams, the trial court sentenced Williams to an aggregate five-year prison term. In formulating the sentence, the trial court ordered the 12-month

---

[1] The state concedes that the court's journal entry mistakenly states that Williams also pleaded guilty to the notice of prior conviction specification and a repeat violent offender specification originally attached to Count 1. The journal entry must be corrected by a nunc pro tunc entry to reflect what occurred during the plea hearing.

prison term imposed on the burglary conviction to run consecutively to the 12-month prison term imposed on the attempted improper discharge of a firearm into a habitation conviction and its accompanying three-year firearm specification. The sentences imposed on the remaining offenses were ordered to be served concurrently.

{¶ 10} Williams now appeals from his convictions and sentence.

## II. Law and Analysis

### A. Presentence Motion to Withdraw Guilty Plea

{¶ 11} In his first assignment of error, Williams argues the trial court erred in denying his presentence motion to withdraw his guilty plea without a hearing.

{¶ 12} A motion to withdraw a guilty plea is governed by Crim.R. 32.1 which reads:

> A motion to withdraw a plea of guilty or no contest may be made only before sentencing is imposed; but to correct manifest injustice the court after sentencing may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 13} A defendant, however, does not have an absolute right to withdraw his plea prior to sentencing, and it is within the sound discretion of the trial court to determine what circumstances justify the granting of any such motion. *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, ¶ 7, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 14} Ordinarily, the trial court must conduct a hearing prior to ruling on a motion to withdraw to determine whether there is a reasonable and legitimate basis

for withdrawal of the plea. *Xie* at paragraph one of the syllabus. In this case, however, Williams attempted to withdraw his guilty plea pro se while represented by counsel throughout the plea and subsequent sentencing hearing.

{¶ 15} It is well established that "[a] criminal defendant has the right to counsel or the right to act pro se; however, a defendant does not have the right to both, simultaneously, or 'hybrid representation.'" *State v. Powell*, 8th Dist. Cuyahoga No. 107006, 2019-Ohio-346, ¶ 16, citing *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 13. Where a represented defendant makes an oral pro se motion to withdraw his guilty plea, the trial court can refuse to entertain such motion. *State v. Hill*, 8th Dist. Cuyahoga No. 107290, 2019-Ohio-1647, ¶ 12. Here, there is nothing in the record indicating that counsel joined Williams's pro se oral motion or otherwise believed that a basis existed for Williams to withdraw his guilty plea. *Powell* at ¶ 18. As a result, had the trial court entertained Williams's pro se oral motion while he was simultaneously represented by appointed counsel, this would have effectively constituted hybrid representation in violation of the established law. *Mongo* at *id.*

{¶ 16} Moreover, we are unpersuaded by Williams's contention that the record reflects that he intended to proceed with his case pro se and without the assistance of counsel. Relying on this court's decision in *State v. Thomas*, 8th Dist. Cuyahoga No. 103759, 2016-Ohio-4961, Williams maintains that trial courts are required to entertain pro se motions to withdraw where the defendant reveals to the court that "he [or she] is no longer interested in the services of assigned counsel."

*See id.* at ¶ 21, citing *State v. Wyley*, 8th Dist. Cuyahoga No. 102899, 2016-Ohio-1118, ¶ 9 ("where a defendant, who is represented by counsel, files pro se motions, 'and there is no indication that defense counsel joins in those motions or indicates a need for the relief sought by the defendant pro se,' the pro se motions are not proper and the trial court may strike them from the record"), quoting *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12; *State v. Pizzaro*, 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611, ¶ 7 ("One who is represented by counsel and who does not move the court to proceed pro se, may not 'act as co-counsel on his own behalf.'"), quoting *State v. Greenleaf*, 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317, ¶ 70 ("Once [a defendant] accepts counsel's assistance and does not move the court to proceed pro se, he may not 'act as co-counsel on his own behalf.'"); *State v. Washington*, 8th Dist. Cuyahoga Nos. 96565 and 96568, 2012-Ohio-1531, ¶ 11 ("Because [defendant] chose to proceed with legal representation, the court could not consider [his] motion to withdraw his plea, which his appointed counsel did not agree with.").

{¶ 17} After careful consideration, we find no merit to Williams's reliance on *Thomas*. In this case, the record does not reveal that Williams moved the court to proceed pro se. Nor did Williams indicate that he did not wish to proceed without the representation of appointed counsel. Although Williams's motion to withdraw expressed dissatisfaction with defense counsel's performance during the plea proceedings, he did not request to represent himself and, in fact, proceeded with legal representation during the sentencing hearing. Contrary to Williams's position

on appeal, his brief request for a continuance at the onset of the sentencing hearing did not constitute a request to proceed pro se without representation. Such a conclusion would require speculation that would be inconsistent with Williams's acceptance of counsel's assistance during the remainder of the hearing. Under these circumstances, we find the trial court did not err by declining to rule on Williams's pro se motion to withdraw his guilty pleas without a hearing. Accordingly, Williams's first assignment of error is overruled.

## B. Consecutive Sentences

{¶ 18} In his second assignment of error, Williams argues the trial court erred by imposing consecutive sentences that are not supported by the record.

{¶ 19} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 20} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 21} Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson,* 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 8th Dist. Cuyahoga No. 106649, 2019-Ohio-528, ¶ 176, quoting *Bonnell* at ¶ 37.

{¶ 22} In this case, the trial court made the following findings when imposing consecutive sentences:

This is not very good behavior, you know that. This young lady, the relationship that you were in, you heard how it has affected her, and her son, and how she feels this has affected her.

* * *

I look at the seriousness factors. There is clearly the injury. The victim's psychological and mental condition is huge. I also look at the victim talking about how this has psychologically affected her and her family. The other seriousness factor is that this relationship with the victim facilitated this offense. Those are all serious factors this court has to look at.

You gave me a half-hearted "I'm sorry." You know your PSI says you didn't do it, you're getting railroaded. But you came before me here, and you stood up and acknowledged that you did wrong, you shouldn't have done it, and you accepted responsibility for what you did.

Then it comes to the fact I have to look at your criminal record. When I do that, I look at that you plead guilty in December of 2004 to drug trafficking * * * where you went to jail for 30 days. You had some menacing cases in Cleveland Municipal Court that were dismissed. You had a probation violation in Putnam County for simple possession. You had a statutory rape case in 2007 out of Putnam County where you served 12 years in prison. You were released in 2019, and in 2019 you picked up this case.

* * *

I believe consecutive sentences are necessary to protect you protect the public and to punish you. It's not disproportionate. And I find the harm is so great or unusual a single term does not adequately reflect the seriousness of the conduct. And your criminal history shows that consecutive terms are needed to protect the public.

(Tr. 49-51.)

{¶ 23} On appeal, Williams does not dispute that the trial court made the necessary findings for imposing consecutive sentences under R.C. 2929.14(C)(4). Nevertheless, Williams contends that the record in this case does not support the

trial court's imposition of consecutive sentences.  Specifically, Williams asserts that there was nothing in the record to support a finding that his burglary conviction was "so great or unusual" or part of a "course of conduct" to justify the imposition of consecutive terms.  Similarly, Williams submits that "the harm associated with the allegations of attempting to discharge a firearm at a habitation, was not so great to justify the imposition of consecutive sentences."

{¶ 24} After reviewing the record, we cannot say that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4).  Here, the record before this court reflects, consistent with the court's findings, that Williams engaged in a pattern of systematic harassment that caused the victim and her family serious emotional and psychological stress.  At the sentencing hearing, J.B. disputed Williams's prior proclamations of innocence and explained the ongoing fear Williams has caused her and her family.  The record further supports the trial court's determination that consecutive sentences were necessary not only to punish Williams but to protect the public.  In this regard, the record reflects that by completing the offense of attempted improper discharge of a firearm into a habitation, as amended in Count 6 of the indictment, Williams engaged in conduct that posed a potentially deadly risk to both the victim and innocent members of the community.  Finally, the record supports the trial court's reference to Williams's significant criminal history.  Under these circumstances, we find that the record before this court supports the trial court's R.C. 2929.14(C)(4) findings.

{¶ 25} Because the trial court made the requisite findings during the sentencing hearing under R.C. 2929.14(C)(4), incorporated the findings into its sentencing journal entry, and the findings are not clearly and convincingly unsupported by the record, the trial court did not err by imposing consecutive sentences.

{¶ 26} Williams's second assignment of error is overruled.

### C. No-Contact Order

{¶ 27} In his third assignment of error, Williams argues the trial court erred as a matter of law by imposing an order of no contact with the victim. Williams contends that because he was sentenced to a term of imprisonment, the trial court had no authority to impose a no-contact order.

{¶ 28} In *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, the Ohio Supreme Court held that a trial court cannot impose a prison term and a no-contact order for the same felony offense. *Id.* at ¶ 32. The court reasoned that a no-contact order is a community-control sanction, and for felony offenses, Ohio's statutory scheme makes it clear that prison terms and community-control sanctions are alternative sanctions. Thus, a court must impose either a community-control sanction or a prison term for an offense, but cannot impose both. *Id.*; *see also State v. Stafford*, 8th Dist. Cuyahoga No. 104276, 2016-Ohio-5635, ¶ 10.

{¶ 29} In this case, the trial court stated at the conclusion of the sentencing hearing that Williams was to have "no contact whatsoever with [the victim], her family, or her friends." (Tr. 52.) We agree with Williams's assertion that the trial

court's statement concerning the imposition of a no-contact order during the sentencing hearing was error. The state concedes the error as well.

{¶ 30} Williams's third assignment of error is sustained. Pursuant to R.C. 2953.08(G)(2), we modify Williams's sentence to delete the no-contact order and remand the case for the trial court to correct its journal entry to reflect this modification. In addition, the court must correct its journal entry to reflect that Williams did not plead guilty to the specifications originally attached to Count 1 of the indictment.

{¶ 31} Judgment affirmed in part, reversed in part, and remanded.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR