[Cite as *State v. Rexroad*, 2023-Ohio-356.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                                :
                                              :          Case No. 21CA3972
    Plaintiff-Appellee,                     :
                                              :
    v.                                      :          <u>DECISION AND JUDGMENT
                                              :          ENTRY</u>
MICHAEL L. REXROAD,                           :
                                              :          **RELEASED: 01/31/2023**
    Defendant-Appellant.                    :

<u>APPEARANCES:</u>

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay S. Willis, Assistant Scioto County Prosecutor, West Union, Ohio, for appellee.

Wilkin, J.

{¶1} This is an appeal from a Scioto County Court of Common Pleas judgment of conviction in which the trial court accepted appellant, Michael L. Rexroad's, guilty plea to two counts of sexual battery, and one count of gross sexual imposition. The trial court imposed the jointly recommended aggregate prison term of 20 years. Rexroad first challenges the validity of his guilty plea arguing the trial court failed to explain the nature of the charges and ascertain he understood them. Rexroad second claims that the trial court abused its discretion when it overruled his pro se, pre-sentence motion to withdraw his guilty plea.

{¶2} We overrule Rexroad's two assignments of error. The trial court substantially complied with Crim.R. 11 in which it advised Rexroad of the nature

of the charges. The totality of the circumstances demonstrate that Rexroad understood the nature of the charges he pleaded guilty to. We, therefore, conclude that Rexroad knowingly, intelligently and voluntarily entered his guilty plea.

{¶3} With regard to Rexroad's pro se motion to withdraw his plea, the trial court entertained the hand-written, one-paragraph motion and conducted a full hearing before denying the motion. The trial court was without authority to conduct the hearing since Rexroad was represented by counsel, who did not join the motion. It is well-established that a defendant is not entitled to hybrid representation. Accordingly, we affirm Rexroad's guilty plea and judgment of conviction entry.

FACTS AND PROCEDURAL BACKGROUND

{¶4} Rexroad resided with the adoptive parents of the minor victims, C.D. and M.D., for almost a decade and began assaulting the minor C.D. when she was eight years old. In June 2020, an indictment was issued alleging Rexroad committed 19 sexual offenses against the minor victims, who were under the age of 13 years. Most of the charges were for rape, first-degree felonies in violation of R.C. 2907.02(A)(1)(b).

{¶5} Rexroad initially pleaded not guilty to the charges, and several hearings were held prior to Rexroad's guilty plea in July 2021. The hearings included an assessment on whether Rexroad was competent to stand trial and to address the state's request for closed circuit testimony of the victims at trial. The competency hearing was held in August 2020, in which Dr. Emily Davis' report

was admitted as an exhibit.  Dr. Davis conducted the evaluation and determined Rexroad was competent to stand trial.  Within Dr. Davis' report, she indicates that Rexroad correctly identified he was a defendant in the case, the charges against him, the maximum penalty and understanding of the seriousness of the offenses, and after some hesitation, offered some description of the conduct involved that resulted in the charges.  Based on Dr. Davis' report, the trial court found Rexroad competent to stand trial.

{¶6} At the January 2021 pre-trial hearing, the trial court explained the seriousness of the offenses and that for the rape charges, the maximum penalty was life imprisonment.  Similarly, at the March 2021 pre-trial hearing, the trial court informed Rexroad of the indicted charges, and at three intervals, explained the maximum penalty he was facing due to the tender age of the two victims.  Rexroad stated he understood.

{¶7} In April 2021, a hearing was held pursuant to the state's motion requesting the victims to testify via closed circuit.  The state presented the testimony of four witnesses in support of its motion, including C.D.'s outpatient therapist who treated C.D. for posttraumatic stress disorder.  The therapist indicated that the cause of the trauma was C.D. being raped by a family friend, who was residing in her home since she was eight years old.  C.D. identified the family friend as "Rex."  C.D.'s other counselor also testified that she has posttraumatic stress disorder as a result of childhood sexual abuse.  The principal at the victims school further indicated that C.D. revealed she was a

victim of sexual assault, and that M.D. was less forthcoming of the abuse she suffered.

**{¶8}** In July 2021, Rexroad signed a guilty plea form in which he

> waive[s] the reading of the indictment, and * * * [f]ully understand[s] these rights guaranteed me by the Constitution, I hereby waive them in writing. I withdraw my former plea of not guilty and enter a plea of guilty to the crime of: CT.2 Sexual Battery, * * *, being a felony of the second degree. CT.3 Gross Sexual Imposition, * * *, being a felony of the third degree. CT.9 Sexual Battery, * * *, being a felony of the second degree as amended.

Rexroad also signed a document explaining the maximum penalty for the offense of gross sexual imposition, a felony in the third degree, and a document explaining the maximum penalty for the two offenses of sexual battery, felonies in the second degree.

**{¶9}** On the same day as Rexroad signed the three documents, a plea hearing was held.  At the start of the hearing, the trial court observed an error in the gross sexual imposition maximum penalty document that misstated the mandatory postrelease control period.  Due to the error, the trial court instructed Rexroad's counsel to re-review the document with him, and, if he wished to proceed, to correct and initial it.  The hearing proceeded with the state outlining the plea agreement:

> Your Honor, the State has offered that the Defendant would enter a plea to Counts 2, 3, and 9.  As to Count 2, the parties, I believe, have agreed that we would amend the dates from January 1st, 2019 to March 1st, 2019.  They are currently listed from January to June.  As to Count 2 and 3 - - as to Count 2, it is an eight year mandatory prison term, as to Count 3 it is up to 60 months.  The State's recommendation would be four years. And then as to Count 9, it would be amended to Sexual Battery under the same subsections as Count 2.  Count [] 3 deal with minor child M.D., date of birth 12/24/2007, and Counts 2 and 3 it will be agreed to by the

parties are separate animus and would run consecutively. Back to Count 9, as to Count 9, we've agreed to amend that charge to Sexual Battery under those same subsections as Count 2 as to minor victim C.D., date of birth 9/27/2006. And we've also agreed to an amendment of the dates as to January 1st, 2019 to March 1st, 2019.

{¶10} Rexroad's counsel stated "[n]o objections to the amendments, and we'll stipulate to the periods of times as the Prosecutor has indicated." The trial court clarified that the parties are stipulating that Counts Two, Three and Nine were committed with separate animus, to which Rexroad's counsel agreed. At this point, Rexroad informed the trial court he had difficulty hearing. He was provided with a headphone set to assist him. The trial court then repeated what had just occurred:

> All right. Sir, what the Prosecutor has indicated, they made an offer in this matter that they would amend the date range on Counts 2 and 3 to January 1st, 2019 to March 1st, 2019, which changes the sentencing statute this would fall under. They would accept pleas of guilty to both of those counts, 2, which is Sexual Battery, which is a felony of the second degree, 3, which is Gross Sexual Imposition, which is a felony of the third degree, and they would amend Count 9 to a charge of Sexual Battery, which would also be a felony of the second degree. They've indicated that they're - - the matter would be set for sentencing on Monday, that the parties at that sentencing would be jointly recommending that you receive eight years on Count 2, Sexual Battery, which is mandatory, 48 months on Count 3, Gross Sexual Imposition, which is not mandatory, and eight years on amended Count 9, Sexual Battery, which is a felony of the second degree, which would be mandatory.
>
> They've said that they're agreement is also that these were committed with a separate animus or a separate - -or crimes of dissimilar import, which means that you would receive a sentence on each of those three to run consecutively, for a sentence of 20 years, with 16 of those years being mandatory. There would also be a requirement that you register as a Tier III Sex Offender. That would require you to - - upon your release from prison to register with the sheriff of the county of your residence or employment or schooling for the rest of your life, and you'd have to verify that address every 90 days with that sheriff.

**{¶11}** Rexroad advised the trial court that that was his understanding of

the plea agreement.  The following exchange between the court and Rexroad

then followed:

> THE COURT: All right. And sir, do you understand that by proceeding in this fashion that you'd be entering pleas of guilty to two counts of Sexual Battery, felonies of the second degree, and one count of Gross Sexual Imposition, a felony of the third degree?
> DEFENDANT: Yes.
> THE COURT: Do you understand that by entering a plea of guilty that that would then allow me to proceed with sentencing in this matter?
> DEFENDANT: Yes.
> THE COURT: All right. Do you understand by entering pleas of guilty to these charges that you'd be admitting the truth of these charges and your guilt in committing these offenses? Do you understand that?
> DEFENDANT: Yes.

Rexroad also indicated that he understood that by pleading guilty to the three

counts, the state would dismiss the remaining charges.  Rexroad further stated

that he understood that since this is a jointly recommended sentence he waives

the right to appeal his sentence.

**{¶12}** The trial court then questioned Rexroad if he had the opportunity to

review the waiver and maximum penalty documents with his counsel.  To which

Rexroad informed the trial court that he had reviewed them, understood them,

and signed them.  The colloquy continued with Rexroad advising the court that

he was not under the influence of any substances, graduated high school, was

honorably discharged from the Marines, and is a United States citizen.  Next, the

trial court notified Rexroad of the constitutional rights he waives by pleading

guilty, to which Rexroad replied that he understood.

**{¶13}** The trial court again explained the maximum penalty associated with each offense and that for the sexual battery charges, they are second-degree felonies with a maximum mandatory prison term of 8 years. As for the gross sexual imposition offense, a third-degree felony, prison is not mandatory, but, if prison is imposed, then the maximum term is 60 months. Rexroad asserted that he understood the maximum prison terms associated with each offense. Mandatory postrelease control is also part of Rexroad's punishment, and, so, the trial court advised him that it was mandatory for five years. Rexroad stated that he understood that postrelease control was part of his sentence and that he had to register as a sexual offender.

**{¶14}** After these notifications were relayed to Rexroad, the trial court inquired if Rexroad wished to proceed. Rexroad affirmed that he still wished to proceed with the plea and asserted that he wished to keep his signature on the documents. The state placed on the record that it was amending the indictment as to Count Nine, and Rexroad's counsel stated he has no objection. The trial court began reading the offenses but realized there was a clerical error in the numbering of the statutory provision for sexual battery as amended in Count Nine. The trial court requested that the document be corrected, re-reviewed by Rexroad and his counsel, and Rexroad initial the correction. Following the correction, the trial court recited the offenses to Rexroad:

> Let's do this again. Sir, as to Count 2 Sexual Battery, in violation of Revised Code Section 2907.03(A)(5) and (B), said offense a felony of the third degree, Count 3 Gross Sexual Imposition, in violation of Revised Code Section 2907.05(A)(4) and (C)(2), said offense a felony of the third degree, Count 9 as amended, being charge of Sexual Battery, in violation of Revised

Code Section 2907.03(A)(5) and (B), said offense a felony of the second degree[.]

Rexroad then pleaded guilty to the three offenses pursuant to the plea agreement.

**{¶15}** One day after pleading guilty, Rexroad filed a one-paragraph, unsigned handwritten document asking to withdraw his plea. On July 26, 2021, a combined motion to withdraw plea and sentencing hearing was held. At the start of the hearing, the trial court recounted the procedural history of the case. The trial court then stated that it received a handwritten letter in which Rexroad is requesting to withdraw his plea. Both the state and Rexroad's counsel indicated they did not receive a copy of the letter. Rexroad's counsel, however, was aware of the letter after he reviewed the online docket and after speaking with Rexroad. According to counsel, Rexroad has several reasons to withdraw his plea and one of the reasons is a claim of tampering with evidence by the state in discovery. Rexroad's counsel then advised the trial court that "I have no good faith basis for that argument and will not make it before the Court." The reasons to withdraw the plea were handwritten by Rexroad and he was asked to read them into the record since his counsel had a hard time reading his writing:

> I, Michael Rexroad, on July 25th, 2021, request to withdraw my plea of guilty and instead go to trial for some of the following reasons; one, I survived a year and a half in jail without signing a time waiver and believe I have earned the right to have - -earned to have that right returned to me. I feel that scare tactics were used to influence my decision. As a 50 percent disabled veteran that fought the state and the last year and a half after my injury, I requested I still be allowed to continue to fight for my innocence. I apologize for pulling the VA card, but I'm at my wits end. It has been brought to my attention- -I prefer not to read the fifth one, Your Honor. If you could take a look at it.

> \* \* \*
> It has been brought to my attention that I do not have to convince 12 people of my innocence, only one - -or one that she is faking, or one that she is lying, which would be easier if I had my motion of discovery.

**{¶16}** After Rexroad presented the reasons for his request to withdraw his plea, the trial court inquired of his counsel if he wished to present any evidence in support of the motion.  Counsel reiterated:

> Your Honor, in good faith I cannot - -if - - argue on speedy trial issues. Everything has been - - there's been motions to continue. I see no speedy trial issues. I will not put a - -forward a good faith basis for that. Scare tactics, Your Honor, everything has been explained to him in the court, consequences, I cannot - -there was no scare tactics used. He's weighingly (sic) and knowingly made the choice he made. He - -we have went over and discussed the motion of discovery and so - -
> \* \* \* So, I cannot put forward any good faith argument for a motion to withdraw guilty plea.

The trial court then questioned counsel whether Rexroad wished to testify in support of his motion, and counsel left the decision to Rexroad, who indicated that he did.  This is when the trial court advised Rexroad that if he testifies, the state will be permitted to question him regarding these issues.  Rexroad indicated that he understood and was sworn in.

**{¶17}** Rexroad stated that the interrogation video provided in discovery was not the complete video and that he was innocent of the offenses.  During cross-examination, Rexroad claimed he was coerced during his interrogation into submitting the written statement admitted as State's Exhibit 1, in which he provided the date and the sexual act performed on the victims.  Rexroad acknowledged that the trial court advised him of his rights at the plea hearing, and, at that time, indicated he was satisfied with his counsel's representation.  In

response to the court's questioning, Rexroad elaborated that "[f]rom the time of filing the guilty plea and approximately 30 minutes later I had that change of heart[.]"

**{¶18}** In rebuttal, the state presented the testimony of Detective Jodi Conkel. The detective interviewed Rexroad twice and both were recorded. The recordings are digital and were not tampered with. The detective denied intimidating or coercing Rexroad, who is twice her size and a Marine.

**{¶19}** At the conclusion of the detective's testimony, the state presented an argument in support of denying Rexroad's pro se motion to withdraw his plea, but his counsel declined to present an argument in support of the motion. The trial court noted that "I am going to find that this was a request filed by the Defendant individually and not through counsel. This Court did choose to proceed with a hearing on this matter despite that fact." The trial court then denied the motion finding there is no reasonable and legitimate basis to withdraw the plea.

**{¶20}** In support of denying the motion, the trial court found that Rexroad was afforded a full Crim.R. 11 hearing, understood the nature of the charges he was pleading guilty to, and understood the possible penalties including the jointly recommended sentence. The trial court also held that Rexroad failed to present evidence supporting his innocence, and, that to the contrary, the state presented his admission of committing the offenses. Further, the trial court determined that Rexroad filed his motion based on a change of heart and did not find credible his assertion that the interrogation recording was tampered with.

**{¶21}** After denying the pro se motion to withdraw the plea, the trial court proceeded to sentencing. Rexroad's counsel requested that the trial court impose the jointly recommended sentence. Rexroad did not make a statement as to mitigation, but rather, requested that his interrogation video be copied and shown to someone else. C.D. also addressed the trial court informing the court that Rexroad is "very guilty" and had sex with her since she was eight years old. After considering the sentencing statutory provisions, the trial court imposed the jointly recommended sentence of 8 years as to Count One, 8 years as to the amended Count Nine, and 48 months as to Count Three. The counts were ordered to be served consecutively. Rexroad was advised of his Tier III sexual offender classification and of the mandatory five-year postrelease control. Rexroad's judgment of conviction entry is now before us on appeal.

## ASSIGNMENTS OF ERROR

I.   THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. REXROAD BY ACCEPTING A PLEA OF GUILTY THAT WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.

II.  THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. REXROAD BY DENYING THE MOTION TO WITHDRAW HIS PLEA OF GUILTY.

## ASSIGNMENT OF ERROR I

**{¶22}** Rexroad argues his guilty plea is invalid because the trial court failed to substantially comply with Crim.R. 11 before accepting his plea in which the court failed to ensure Rexroad understood the nature of the charges against him. During the plea colloquy, a statement of the facts establishing the criminal charges was not read into the record and the trial court did not review the

elements of the offenses.  In addition, some of Rexroad's responses during the plea colloquy displayed hesitation.  Rexroad thus maintains that his plea is invalid and should be vacated.

**{¶23}** The state asserts that Rexroad's plea should be affirmed as a thorough change of plea hearing was held by the trial court.  A statement of facts was not presented at the plea hearing but there is no legal authority that a statement is required before a guilty plea is accepted.  The state declares that Rexroad's plea should be affirmed.

Law and Analysis

**{¶24}** " 'When a defendant enters a plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' "  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  To determine whether a guilty plea was entered "knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards."  *State v. Willison*, 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 11, citing *State v. Cooper*, 4th Dist. Athens No. 11CA15, 2011-Ohio-6890, ¶ 35.

**{¶25}** "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty[.]"  *Veney* at ¶ 8.  The trial court must address the defendant and strictly comply with the provisions in Crim.R.

11(C)(2)(c) in which the court advises a defendant of all of the constitutional rights he waives by pleading guilty. *See Id.* at syllabus; Crim.R. 11(C)(2). Rexroad concedes that the trial court strictly complied with Crim.R. 11(C)(2)(c) and advised him of the constitutional rights he waives by pleading guilty, including the state's burden to establish his guilt beyond a reasonable doubt, the right to a jury trial, the right to confront the state's witnesses, the right against self-incrimination, and the right to compel witnesses to appear on his behalf. (Brief page 3)

**{¶26}** Strict compliance is not the standard with regard to the nonconstitutional notifications. Rather, "with respect to the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and 11(C)(2)(b), substantial compliance is sufficient." *Veney* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *Id.* at ¶ 15, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶27}** Pertinent to the issue here is the requirement that before accepting a guilty plea, the trial court must address the defendant and determine

> that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

Crim.R. 11(C)(2)(a).

**{¶28}** "Substantial compliance with Crim.R. 11(C)(2)(a) does not

necessarily require a detailed recitation of the elements of a charge by the court."

*State v. Hurst*, 5th Dist. No. CT2019-0053, 2020-Ohio-2754, ¶ 21, citing *State v.*

*Wright*, 4th Dist. Highland No. 94CA853, 1995 WL 368319 (June 19, 1995).

Additionally, there is no requirement for the trial court to "explain the elements of

the crime to the defendant at the time of the plea." *State v. Nicholson*, 8th Dist.

No. 91652, 2009-Ohio-3592, ¶ 19.

> "In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist.1982)

*Hurst* at ¶ 21.[1]

**{¶29}** The totality of the circumstances here demonstrate that Rexroad

was notified of the nature of the charges and he understood them.  Rexroad's

indictment as to Counts Two and Three specified the name of the offenses, listed

the applicable statutory provisions, the level of the felony, identified the victim,

and that the victim was under the age of 13 years.  As for the amended Count

Nine, which tracked the same language as Count Two, Rexroad waived the

reading of the indictment.  Rexroad was provided with a bill of particulars in

which it stated that Rexroad committed the offense of sexual battery, in violation

of R.C. 2907.03(A)(5), R.C. 2907.03(B)(3), a second-degree felony, in Count

---

[1] We decline Rexroad's assertion that we apply R.C. 2937.07 and require "an explanation of the circumstances of the offense" before a trial court accepts a guilty plea.  As Rexroad acknowledges, R.C. 2937.07 applies only to misdemeanor offenses.  Therefore, this statutory provision is inapplicable as Rexroad pleaded guilty to felony charges.

Two based on his act of engaging in sexual conduct with the minor M.D., with a date of birth of 12/24/2007, who was less than 13 years of age. Similarly, the state as to Count Three, informed Rexroad that he is charged with committing gross sexual imposition, in violation of R.C. 2907.05(A)(4), R.C. 2907.05(C)(2), a third-degree felony, for his conduct of having sexual contact with M.D., who was less than 13 years old.

**{¶30}** Additionally, before signing the guilty plea form and the maximum penalty documents, Rexroad through several hearings was advised that the crimes are about his sexual assault of the two minors C.D. and M.D. The state's evidence of the criminal conduct included Rexroad's handwritten admission.

**{¶31}** And then there are the guilty plea and maximum penalty documents. Rexroad reviewed the documents with counsel, was questioned about them at the plea hearing by the trial court, and, more than once, indicated he signed them and wished to keep his signature on them. The documents identified each offense Rexroad was pleading guilty to, including the name, the statutory provisions, and the maximum penalty involved. Additionally, at the plea hearing, the trial court had several exchanges with Rexroad advising him repeatedly of the offenses he was pleading guilty to. Rexroad informed the trial court that he understood and wished to proceed with the plea. *See State v. Vialva*, 8th Dist. Cuyahoga No. 104199, 2017-Ohio-1279, ¶ 8 (The trial court substantially complied with Crim.R. 11(C)(2)(a) in advising Vialva of the nature of the charges where the trial court at the plea hearing stated the offense, the statutory code section and the degree of the offense.)

**{¶32}** Rexroad now construes his one response "I'm going to have to say,

yes" when questioned by the trial court if he wished to proceed as demonstrating

hesitation. We disagree. First, this response was in regard to the trial court

advising Rexroad that a jointly recommended sentence means he waives the

right to appeal the sentence:

> THE COURT: All right. Mr. Rexroad, do you understand by doing it
> in this fashion that you'd be waiving your right to appeal the sentence
> that I'd give you?
> THE DEFENDANT: I understand.
> THE COURT: Is this what you want to do here today?
> THE DEFENDANT: I'm going to have to say, yes.

Second, Rexroad provided similar responses that he does not challenge as a

demonstration of hesitation. Rexroad does not challenge his understanding that

by pleading guilty he waived the right to have the state prove his case beyond a

reasonable doubt and his right against self-incrimination. When questioned if he

understood he was waiving these rights, Rexroad responded: "I believe so, yes."

Further, when asked if he had any questions, Rexroad answered "I don't think

so."

**{¶33}** We, therefore, conclude that the trial court substantially complied

with Crim.R. 11(C)(2)(a) in advising Rexroad of the nature of the charges.

Rexroad understood the nature of the charges when he pleaded guilty to the two

counts of sexual battery and one count of gross sexual imposition.

**{¶34}** Accordingly, we overrule Rexroad's first assignment of error.

### ASSIGNMENT OF ERROR II

**{¶35}** Rexroad argues that the trial court erred in denying his pro se, pre-

sentence motion to withdraw his guilty plea. Rexroad asserts that the trial court

erred in several of its findings in support of its decision to deny his motion. Specifically, Rexroad disagrees that he was afforded a full Crim.R. 11 hearing as there was no reading of the facts and he appeared uncertain before pleading, as previously argued in the first assignment of error. Rexroad reiterates that he did not understand the nature of the charges against him. Similarly, Rexroad disagrees that he was afforded a full hearing on his motion to withdraw since he was not appointed new counsel after his counsel stated he was unable to put forth a good faith argument in support of the motion. Rexroad proclaimed his innocence prior to sentencing and presented potential defenses to the charges. Finally, he argues that any prejudice to the state would have been trivial.

**{¶36}** The state, on the other hand, maintains that Rexroad was afforded a full and informative plea colloquy and a full hearing on his motion to withdraw. Rexroad admitted to the crimes and his handwritten statement was presented as an exhibit at the motion to withdraw hearing. The trial court in evaluating Rexroad's motion to withdraw properly applied the relevant factors and its decision should be affirmed.

Law and Analysis

**{¶37}** "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus. "Appellate courts have determined that when counsel represents a criminal defendant, a trial court may not entertain

a defendant's *pro se* motion." (Emphasis sic.)  *State v. James*, 4th Dist. Ross No.

13CA3393, 2014-Ohio-1702, ¶ 13.  Thus, "[w]hen a criminal defendant is

represented by counsel and counsel does not join in the defendant's pro se

motion or otherwise indicate a need for the relief sought by the defendant pro se,

the trial court cannot properly consider the defendant's pro se motion."  *State v.*

*Smith*, 1st Dist. Hamilton Nos. C-160836 and C-160837, 2017-Ohio-8558, ¶ 32.

{¶38} In the case at bar, Rexroad was represented by counsel.  Yet, one

day after pleading guilty, Rexroad filed a pro se, one-paragraph motion to

withdraw his guilty plea.  At the motion to withdraw hearing, Rexroad read into

the record several reasons he believed warranted granting his request to

withdraw his plea.  Rexroad's attorney did not join the motion and on multiple

occasions informed the trial court that he could not in good faith argue in support

of the motion.  Rexroad testified in support of his motion, but was minimally

questioned by his counsel.  Rexroad's counsel declined to present a closing

argument in support of the motion to withdraw.  Based on counsel's failure to join

the motion, the trial court held that "this was a request filed by the Defendant

individually and not through counsel.  This Court did choose to proceed with a

hearing on this matter despite that fact."

{¶39} The trial court improperly considered Rexroad's pro se motion to

withdraw his plea as he was represented by counsel who did not join the motion.[2]

Therefore, we cannot say that the trial court erred in denying his motion.  *See*

*State v. Lamb*, 4th Dist. Scioto No. 17CA3796, 2018-Ohio-1405, ¶ 57 (Hybrid

---

[2] Rexroad did not request new counsel or to represent himself in the case.

representation is prohibited and because appellant's counsel did not join or adopt the pro se motions, "the trial court was not permitted to entertain the motions.") *See also State v. Williams*, 8th Dist. Cuyahoga No. 109972, 2021-Ohio-2032, ¶ 15 (A trial court entertaining a defendant's pro se motion to withdraw his plea when the defendant is represented by counsel who declines to join the motion constitutes "hybrid representation in violation of the established law.")

**{¶40}** Accordingly, we overrule Rexroad's second assignment of error.

CONCLUSION

**{¶41}** Having overruled Rexroad's two assignments of error, we affirm the trial court's judgment entry of conviction.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**