[Cite as *State v. Jones*, 2026-Ohio-1952.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 25CA20 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Anna D. Jones, | : | |
| Defendant-Appellant. | : | **RELEASED 5/20/2026** |

_____

<u>APPEARANCES</u>:

Brian T. Goldberg, Esq., Cincinnati, Ohio, for appellant.

Daniel W. Everson, Esq., Assistant Washington County Prosecutor, Marietta, Ohio, for appellee.
_____

Hess, J.

{¶1} Anna D. Jones appeals from a judgment of the Washington County Common Pleas Court convicting her, following a guilty plea, of illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility and aggravated possession of drugs. Jones presents one assignment of error asserting that the trial court erred to her prejudice by accepting a guilty plea that was not made knowingly, voluntarily, and intelligently. For the reasons which follow, we overrule the assignment of error and affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL HISTORY

{¶2}  In June 2024, Jones was indicted on two counts – Count One, illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility, a third-degree felony, in violation of R.C. 2921.36(A)(2) and (G)(2), and Count Two, aggravated possession of drugs, i.e., methamphetamine, a fifth-degree felony, in violation of R.C. 2925.11(A) and (C)(1)(a).  Initially, Jones pleaded not guilty. However, she later executed a written guilty plea to both counts.  Among other things, the written guilty plea states that Count One is "Illegal Conveyance" and that Count Two is "Aggravated Possession of Drugs," lists the same code provisions as the indictment, and states the degree of each offense.  It also states, "I understand the nature of these charges and the possible defenses I might have."  It further states: "By pleading guilty, I admit committing the offense and will tell the Court the facts and circumstances of my guilt."

{¶3}  During the plea colloquy, the trial court said, "Well [defense counsel] I have before me a signed written plea of guilty signed by both you, [the assistant prosecutor] and your client, Anna Jones.  Is that correct?"  Defense counsel stated, "That's correct, Your Honor."  The court asked, "And did you go over the guilty plea and answer all of Ms. Jones['] questions?  Counsel stated, "I did, Your Honor."  The court asked Jones if it was her "intention to enter the guilty plea today?" and she said, "Yes sir."  The court asked if she could read and write, and she said, "Yes sir."  The court asked if she reviewed the plea with defense counsel, and she said, "I did." The court asked if counsel answered "any questions or concerns" Jones had, and Jones said, "Yes."  The court then asked, "Okay and do you understand that by signing the guilty plea you're waiving various rights admitting your guilt, waiving those constitutional rights that were explained in the plea and

when the Court accepts this plea you will be found guilty of Count One as a third degree felony and Count Two is a fifth degree felony." Jones responded, "Yes sir." After additional discussion with Jones, the court asked, "Is there anything about what we're doing today that you don't understand?" and Jones said, "No, sir." She also told the court she was acting voluntarily.

{¶4} The assistant prosecutor recited the following statement of facts:

> On or about June 25, 2023, Washington County Sheriff's Office pulled over a motor vehicle. The Defendant in this instance was the passenger. They ran a free air sniff around the vehicle. Defendant was removed from the vehicle where they found methamphetamine off a person. She was transported to the jail which is a detention facility in Washington County, Ohio. More drugs were found on her person inside the jail which is a detention facility and the drugs came back as methamphetamine a schedule 2 drug.

The court stated, "Okay, so that's with respect to counts one and two? Is that your understanding of the facts in this case [defense counsel]?" Counsel said, "Yes, Your Honor." The court then asked Jones "is what the Prosecutor told me the truth?" She responded, "Yes, sir." Subsequently, Jones said that she wanted the court to accept her guilty plea. The court accepted the guilty plea and sentenced Jones.

## II. ASSIGNMENT OF ERROR

{¶5} Jones presents one assignment of error: "The trial court erred to the prejudice of Ms. Jone[s] by accepting a plea of guilty that was not made knowingly, voluntarily, and intelligently."

## III. LAW AND ANALYSIS

{¶6} In the sole assignment of error, Jones contends the trial court erred to her prejudice by accepting a guilty plea that was not made knowingly, voluntarily, and intelligently. Jones maintains that the court failed to ensure she understood the nature of

the charges. She asserts that during the plea colloquy, the court never informed her of the charges against her. She claims the closest the court came to doing so was telling her that she had been charged with a third-degree felony and a fifth-degree felony. She claims the court did not mention the identity of the charges or elements of the offenses. She asserts that even though the State read a statement of facts which she admitted was true, "this does not satisfy an understanding of the nature of the charges." She asserts that "[o]ne must question how the court could ensure [she] understands the nature of the charges against her, when the name of the charges is not read to her during the plea colloquy."

**{¶7}** "A defendant's decision to enter a guilty plea must be knowing, intelligent, and voluntary." *State v. Gowdy*, 2025-Ohio-5575, ¶ 18, citing *State v. Dangler*, 2020-Ohio-2765, ¶ 10. "And '[f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *Id.*, quoting *State v. Engle*, 1996-Ohio-179, ¶ 7. "'An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.'" *State v. Sillman*, 2024-Ohio-3363, ¶ 22 (4th Dist.), quoting *State v. Moore*, 2014-Ohio-3024, ¶ 13 (4th Dist.).

**{¶8}** "When reviewing guilty pleas, we focus on 'whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his [or her] plea.'" *Gowdy* at ¶ 19, quoting *Dangler* at ¶ 12, citing *State v. Veney*, 2008-Ohio-5200, ¶ 15-16, *State v. Clark*, 2008-Ohio-3748, ¶ 26, and *State v. Miller*, 2020-Ohio-1420, ¶ 19. "'[A] defendant who challenges his [or her] guilty plea on

the basis that it was not knowingly, intelligently, and voluntarily made' is generally not entitled to have [the] plea vacated unless [the defendant] demonstrates that he [or she] was prejudiced by the failure of the trial court to comply with the provisions of Crim.R. 11." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "The test for prejudice is '"whether the plea would have otherwise been made."'" *Id.* at ¶ 20, quoting *Dangler* at ¶ 16, quoting *Nero* at 108. "And prejudice must be established '"'on the face of the record.'"'" *Id.*, quoting *Dangler* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 2014-Ohio-1913, ¶ 26, quoting *Wagner v. Roche Laboratories*, 1999-Ohio-309, ¶ 21.

{¶9} However, the Supreme Court "has held that there are two instances in which a defendant is excused from the burden of demonstrating prejudice: (1) when a trial court 'fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c),' *Clark* at ¶ 31 and (2) when a trial court 'complete[ly] fail[s] to comply with' a requirement of Crim.R. 11, *State v. Sarkozy*, 2008-Ohio-509, ¶ 22." *Id.* at ¶ 21. "Aside from these two exceptions, a defendant claiming that his guilty plea was not knowingly, intelligently, and voluntarily entered is required to show prejudice." *Id.*, citing *Dangler* at ¶ 16.

{¶10} The Supreme Court has stated that

in undertaking this review, the questions to be answered are:

(1) has the trial court complied with the relevant provision[s] of [Crim.R. 11]? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

(Bracketed material in original.) *Id.* at ¶ 22, quoting *Dangler* at ¶ 17.

**{¶11}** "'Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest.'" *Id.* at ¶ 23, quoting *Veney*, 2008-Ohio-5200, at ¶ 8. Jones['] argument implicates a nonconstitutional aspect of the plea colloquy under Crim.R. 11(C)(2)(a), which states:

> In felony cases the court . . . shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges . . . .

We have stated:

> In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he [or she] is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he [or she] understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge.

S*tate v. Rexroad*, 2023-Ohio-356, ¶ 28 (4th Dist.), quoting *State v. Hurst,* 2020-Ohio-2754, ¶ 21 (5th Dist.), quoting *State v. Rainey*, 3 Ohio App.3d 441, 442 (10th Dist.1982). "In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court." *Rainey* at 442.

**{¶12}** In this case, the totality of the circumstances were such that the trial court was warranted in making a determination that Jones understood the nature of the charges. Even though the trial court did not explicitly state the names or elements of the offenses during the plea colloquy, the written guilty plea Jones executed identified the offenses, listed the relevant code provisions which set forth the elements of the offenses, and stated the degree of each offense. By signing the written guilty plea, Jones agreed

to the statement that, "I understand the nature of these charges and the possible defenses I might have." She also agreed to tell the court the facts and circumstances of her guilt. During the plea colloquy, the trial court indicated it had the written guilty plea and confirmed with defense counsel that Jones, defense counsel, and the assistant prosecutor signed it. The court confirmed with Jones that she could read and write. The court confirmed with both Jones and defense counsel that counsel went over the guilty plea with Jones and answered her questions. The court confirmed Jones understood that if it accepted the plea, she would be found guilty of Count One as a third-degree felony and Count Two as a fifth-degree felony. The court asked if there was anything happening at the change of plea hearing Jones did not understand, and she said no. And after the assistant prosecutor provided a statement of the facts underlying the charges, Jones did not object to them or express any confusion over the nature of the charges. Instead, she told the court that the statement of facts was true and that she wanted the court to accept her guilty plea.

{¶13} Because the trial court complied with the relevant provision of Crim.R. 11(C)(2)(a), we conclude Jones's guilty plea was made knowingly, voluntarily, and intelligently, overrule the sole assignment of error, and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
Michael D. Hess, Judge




### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**